United States District Court
Southern District of Texas
**ENTERED**
December 30, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEMARKES HERRON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-21-375 |
| | § | |
| OFFICER THOMAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER OF DISMISSAL

Texas state inmate DeMarkes Herron, representing himself, filed a civil rights complaint. He alleges that he was stabbed by another inmate while being escorted through a cellblock, and that the officers escorting him allowed the stabbing to occur. He also alleges that an unidentified employee of the University of Texas Medical Branch refused to change his bandage.

Section 1915A of title 28 of the United States Code requires a federal district court to "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." If the complaint fails to state a valid claim for relief, the court must dismiss the complaint.

### A. Failure to Protect

A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment. *See Helling v. McKinney,* 509 U.S. 25 (1993); *Wilson v. Seiter,* 501 U.S. 294 (1991); *Estelle v. Gamble,* 429 U.S. 97, 97 S. Ct. 285, 50 L.Ed.2d 251 (1976). The Eighth Amendment requires prison officials to "take reasonable measures to guarantee the safety of the inmates," *Hudson v. Palmer,* 468 U.S. 517, 526–527 (1984). This includes "a duty to protect

prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citation omitted).

> It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety. Our cases have held that a prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, "sufficiently serious," *Wilson, supra,* 501 U.S., at 298, 111 S. Ct., at 2324; see also *Hudson v. McMillian, supra,* 503 U.S., at 5, 112 S. Ct., at 998; a prison official's act or omission must result in the denial of "the minimal civilized measure of life's necessities," *Rhodes, supra,* 452 U.S., at 347, 101 S. Ct., at 2399. For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. See *Helling, supra,* 509 U.S., at 35, 113 S. Ct., at 2481. The second requirement follows from the principle that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Wilson,* 501 U.S., at 297, 111 S. Ct., at 2323 (internal quotation marks, emphasis, and citations omitted). To violate the Cruel and Unusual Punishments Clause, a prison official must have a "sufficiently culpable state of mind." *Ibid.;* see also *id.,* at 302–303, 111 S. Ct., at 2326, *Hudson v. McMillian, supra,* 503 U.S., at 8, 112 S. Ct., at 2480. In prison-conditions cases that state of mind is one of "deliberate indifference" to inmate health or safety.

*Id.* at 834.

"Deliberate indifference" is more than mere negligence, *Gamble*, 429 U.S. at 104-06, but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. Rather, deliberate indifference requires that the defendant be subjectively aware of a substantial risk of serious harm to the inmate and recklessly disregard that risk. *Id.* at 829, 836.

Herron alleges that he was being escorted through the cell block when a fellow inmate reached through the food slot on his cell door and stabbed Herron with a razor blade. In his More Definite Statement, Herron states that the inmate was known to be dangerous and that defendants

Thomas and Zuniga failed to use a protective shield to protect Herron, in violation of prison policy. He does not allege any facts showing that the defendants knew that the inmate had a weapon. While the defendants may have been negligent, Herron alleges no facts suggesting that they were subjectively aware of a substantial risk of serious harm to Herron and disregarded that risk. He fails to state a claim under the Eighth Amendment.

### B.     The Claim Against the Inmate

Herron also names the other inmate, Ricky Moore, as a defendant.

> To state a cause of action under section 1983 the [plaintiff] must allege that the person who deprived him of a federal right was acting under color of law. *Cinel v. Connick,* 15 F.3d 1338, 1342 (5th Cir. 1994). For a private citizen . . . to be held liable under section 1983, the plaintiff must allege that the citizen conspired with or acted in concert with state actors. *Mylett v. Jeane,* 879 F.2d 1272, 1275 (5th Cir. 1989).

*Priester v. Lowndes Cty.*, 354 F.3d 414, 420 (5th Cir. 2004). Because Moore was not acting under color of state law, Herron cannot state a claim against him under section 1983.

### C.     The Medical Claim

Herron sues the University of Texas Medical Branch, claiming that an unnamed employee refused to change his bandage. "[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). This defendant is immune to suit for damages.

### D.     Conclusion

Herron's federal claims must be dismissed for failure to state a claim on which relief can be granted. To the extent that Herron may assert state law claims, those claims are dismissed without prejudice under 28 U.S.C. § 1367(c)(3).

Herron's federal claims are dismissed with prejudice under 28 U.S.C. § 1915A. Herron's state law claims, if any, are dismissed without prejudice. Herron is advised that the period of limitations to file any state claims in state court is "tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." 28 U.S.C. § 1367(d); *see also Artis v. District of Columbia*, 138 S. Ct. 594, 605 (2018) (holding that Congress provided in section 1367(d) "for tolling not only while the claim is pending in federal court, but also for 30 days thereafter"). This dismissal does not count as a strike for purposes of 28 U.S.C. § 1915(g).

SIGNED on December 29, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge